People v Lewis (2024 NY Slip Op 50660(U))

[*1]

People v Lewis

2024 NY Slip Op 50660(U)

Decided on April 9, 2024

City Court Of Ithaca, Tompkins County

Peacock, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
City Court of Ithaca, Tompkins County

People of the State of New York,

against
Charles Lewis, Appellant.

Docket No. MZ-00049-24

Seth Peacock, J.

Executive Law § 259-i(4-a)(a) provides that a releasee may appeal non-technical parole violation findings to
the lowest level of the following courts serving the jurisdiction in which the hearing was held or in which any such sustained conduct was alleged to have occurred: city court, district court, county court or supreme court; provided, however, that if any such misdemeanor or felony charge was prosecuted in any city, district, county or supreme court, such appeal shall be filed in that court.
Appellant was released to community supervision on February 2, 2023. He was subsequently prosecuted for Petit Larceny in Lansing Town Court. He was then prosecuted on another charge of Petit Larceny in Ithaca City Court. The Ithaca City Court matter was adjourned in contemplation of dismissal.
Appellant was issued a Notice of Violation by DOCCS alleging three parole violations, two of which were based on the conduct alleged in the Petit Larceny accusatory instruments. The final parole revocation hearing was held in Elmira, and the Administrative Law Judge sustained the charge relating to the conduct alleged to have occurred in Lansing.
The criminal charge alleging sustained conduct was prosecuted in Lansing Town Court, not a city, district, county, or supreme court. As such, jurisdiction is not determined by where the charge was prosecuted. Instead, the Court must determine "the lowest level of the following courts serving the jurisdiction in which the hearing was held or in which any such sustained conduct was alleged to have occurred: city court, district court, county court or supreme court." Executive Law § 259-i(4-a)(a).
When interpreting statutes, the clearest indicator of legislative intent, and "the starting point in any case of interpretation[,] must always be the language itself, giving effect to the plain meaning thereof." People ex rel. McCurdy v. Warden, Westchester County Corr. Facility, 36 NY3d 251, 257 (2020) (internal quotation marks omitted). The Court holds that "jurisdiction" in the context of Executive Law § 259-i(4-a)(a) refers to municipalities and not counties. If "jurisdiction" meant county-wide jurisdiction, then Ithaca City Court, by virtue of being the lowest court listed in the statute serving Tompkins County, would hear every 4-a parole appeal in Tompkins County and Tompkins County Court and Tompkins County Supreme Court would never hear any. This cannot be what the legislature intended, since it listed county court and supreme court in Executive Law § 259-i(4-a)(a).
The sustained conduct was alleged to have occurred in the jurisdiction of Lansing. Ithaca City Court does not serve that jurisdiction. The lowest level court listed in Executive Law § 259-i(4-a)(a) serving Lansing is Tompkins County Court. The lowest level court serving the jurisdiction in which the parole revocation hearing was held (Elmira) is Elmira City Court. Ithaca City Court lacks jurisdiction over this 4-a parole appeal. The Court does not reach the issue of whether this appeal can be refiled in a court of proper jurisdiction.
The appeal is DISMISSED.
This constitutes the Decision and Order of the Court entered upon notice to both parties. 
SO ORDERED.
DATED: April 9, 2024
HON. SETH PEACOCK
Ithaca City Court Judge